1  Edward G. Poplawski (SBN 113590)
   *epoplawski@sidley.com*
2  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
3  Los Angeles, California  90013-1010
   Telephone:        (213) 896-6000
4  Facsimile:        (213) 896-6600

5  **Attorneys For Plaintiffs**
   **ATMEL CORPORATION;**
6  **ATMEL SWITZERLAND;**
   **ATMEL FRANCE; and**
7  **ATMEL SARL**

8
   Henry C. Bunsow (SBN 60707)
9  *BunsowH@howrey.com*
   Howrey LLP
10 525 Market Street, Suite 3600
   San Francisco, CA 94105-2708
11 Telephone:        (650) 848-4900
   Facsimile:        (650) 848-4999
12
   **Attorneys for Defendant**
13 **AUTHENTEC, INC.**

14 *See last page for a complete list of attorneys*

15              UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA

17                   OAKLAND DIVISION

18

19 ATMEL CORPORATION, a Delaware          )   Case No. C 06-02138 CW
   corporation; ATMEL SWITZERLAND, a      )
20 corporation; ATMEL FRANCE, a corporation; )  **STIPULATED PROTECTIVE ORDER**
   and ATMEL SARL, a corporation,          )   **GOVERNING CONFIDENTIAL**
21                                         )   **INFORMATION**
                      Plaintiffs,          )
22                                         )
                                           )
23 v.                                      )
                                           )
24 AUTHENTEC, INC., a Delaware corporation, )
                                           )
25                    Defendant.           )
                                           )
26 _____     )

27

28

Pursuant to Federal Rules of Civil Procedure 26(c), Plaintiffs Atmel Corporation, Atmel Switzerland, Atmel France and Atmel SARL (collectively "Atmel") and Defendant AuthenTec, Inc. ("AuthenTec") jointly submit this Stipulated Protective Order to govern the parties' handling of materials and information disclosed or received in connection with this action.

WHEREAS, the parties each believe that certain information that may be disclosed or received by the parties in connection with this action constitutes (a) confidential and proprietary research, trade secrets, development and/or commercial information within the meaning of FED. R. CIV. P. 26(c) or (b) information that a party is required, by agreement or court order, to treat as confidential information;

WHEREAS, each of the parties believes that disclosure and use of confidential information should be limited and that confidential information shall not be used for any purpose other than this action;

WHEREAS, each of the parties believes that it will serve its interests and the interests of justice to conduct discovery and proceedings herein under a protective order pursuant to FED. R. CIV. P. 26(c);

WHEREAS, each of the parties has made a showing that "good cause" exists to believe that public disclosure and/or unfettered disclosure of confidential information to other party will result in prejudice or competitive harm;

WHEREAS, the parties to this Action have stipulated to provide access to and accept such confidential information subject to certain protective provisions hereinafter set forth;

IT IS HEREBY STIPULATED AND AGREED by and between the parties that this Stipulated Protective Order shall govern CONFIDENTIAL INFORMATION disclosed or received in this action, pursuant to Federal Rules of Civil Procedure 26(c), as follows:

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

This Protective Order governs access to, use, and distribution of material produced by any party or a non-party from whom discovery is sought that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" as provide herein. Materials which may be so designated include documents, things, pleadings, interrogatory responses, responses to requests for admissions, deposition testimony, responses to third-party subpoenas, and any other discovery or disclosure made in this litigation.

**1.     Confidential And Highly Confidential - Attorneys' Eyes Only Materials**

(a)     Any party or non-party bound by this Protective Order (the "Order") may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" any of its own documents, testimony or other discovery material that contain trade secrets, and/or research, development, commercial information (including financial and business information), or personal information of an employee that the party or non-party (or any predecessor in interest to a party or non-party) regards as confidential.   CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material as used in this Order shall refer to the original and copies of any so designated document, testimony or other discovery material, and shall also refer to the information contained in such materials.

(b)     In designating information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," a party or non-party shall make such a designation only as to materials which that party or non-party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, is not generally known or otherwise available to the public, which the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or which is otherwise entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

3

1

2

3

4

5

(c)     The   designation   of   any   materials   as   CONFIDENTIAL   or   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is intended to facilitate the exchange of information for the preparation and trial of this matter, and to protect the confidential and proprietary interests of the parties and any non-parties.

6

**2.     Disclosure Of Materials Designated Confidential**

7

8

9

10

Discovery material is designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such materials are produced or given and may be disclosed only to the following persons ("Qualified Persons"):

11

(a)     The Court and its officers;

12

13

14

(b)     Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors providing copying, coding, digitizing and/or trial support services under a confidentiality agreement with such outside counsel;

15

16

17

18

19

(c)     Not more than two attorneys employed by the party who are actively working on or are responsible for this case and in-house counsel's legal assistants and secretaries working under the direct supervision of such in-house counsel ("in-house counsel"), provided that each said party and said in-house counsel have signed the undertaking annexed at Exhibit A;

20

21

22

23

24

25

26

27

(d)     Non-party experts, independent consultants, or other litigation support personnel who are not affiliated with a party, or a competitor of a party or currently employed or retained as a consultant by such a competitor, or who have an on-going relationship with such a competitor, and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work ("Outside Consultants"), provided they sign the undertaking annexed at Exhibit A, but only in accordance with the procedures and limitations set forth in paragraph 6;

28

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

4

(e)      Any person that is an author, addressee or recipient of the document or thing and there is provable indicia of such, and provided such "CONFIDENTIAL" access is limited to only that particular document or thing, unless otherwise authorized by the Court or stipulated by the parties, provided that each said person has signed the undertaking annexed at Exhibit A, and the obligation on each said person to maintain the confidentiality of materials designated as "CONFIDENTIAL" pursuant to this Order shall be deemed continuing.  All "CONFIDENTIAL" materials disclosed to each said person, and all copies, shall be returned to the producing party; and

(f)      Any other person as to whom the producing party agrees in writing in advance of any disclosure.

**3.      Materials That May Be Designated Highly Confidential Attorneys' Eyes Only**

Any CONFIDENTIAL material which a producing party believes should not be disclosed to a party or to any employee of the receiving party may be designated by the producing party through its counsel at the time of disclosure of such information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  In designating information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," a party shall make such designation only as to materials which that party in good faith believes constitutes highly confidential information, such as solely by way of example, non-public and confidential financial information, contracts and related documents, trade secrets, research and development materials (including but not limited to laboratory notebooks, schematics, circuit diagrams, specifications, and software), and non-public marketing and sales data, including but not limited to customer lists or customer-related information.

**4.      Disclosure Of Materials Designated Highly Confidential Attorneys' Eyes Only**

Discovery materials designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be maintained in confidence by the party to whom such materials are produced or given and may be disclosed only to the following persons:

(a)      The Court and its officers;

(b)      Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors providing copying, coding, digitizing and/or trial support services under a confidentiality agreement with such outside counsel;

(c)      Non-party experts, independent consultants, or other litigation support personnel who are not affiliated with a party, a competitor of a party or currently employed or retained as a consultant by such a competitor, or who have an on-going relationship with such a competitor, and who are expressly engaged by outside counsel to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work but only in accordance with the procedures and limitations set forth in paragraph 6; and

(d)      Any other person as to whom the producing party agrees in writing in advance of any disclosure.

Provided further that anyone who receives HIGHLY CONFIDENTIAL –ATTORNEYS EYES ONLY material shall neither (a) write or prosecute any patent application relating to biometric sensors, nor (b) provide input or advice regarding any patent application relating to biometric sensors, during the duration of this litigation and for a period of one year after the final termination of this action.

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

LA1 884682v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.     Inadvertent Production**

(a)     Inadvertent production of material subject to the attorney-client privilege, work product immunity or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced material shall be returned to the producing party upon request.  No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return.  If the parties are unable to reach an agreement within ten (10) days of such notice as to the disposition of such material, the producing party may seek relief from the Court.  The receiving party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, until the expiration of the ten-day period identified in this paragraph or, if application is made to this Court, until disposition of that application, including appeals.  Further, the receiving party shall recall all but one copy of the requested materials from any person who received it prior the receipt of the request to return the materials.

(b)     In the event of any disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify counsel of the party who produced the material of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed material and copies of such materials and making good faith efforts to have all unauthorized persons to whom disclosure was made sign the undertaking annexed at Exhibit A.  This provision does not prevent the party whose materials were wrongly disclosed from seeking additional relief.

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

7

LA1 884682v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 6.      Identification Of Persons Receiving Designated Materials

Any person described in paragraphs 2(c), 2(d) or 4(c) shall be identified to the other party in writing (with a copy of such disclosure sent to all other parties or any affected non-parties) before any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material is shown to him or her.  Further, to qualify as a non-party expert or independent consultant who may have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, ALL of the following criteria must be satisfied before any confidential materials may be disclosed:

(a)      The proposed non-party expert or independent consultant must be identified as a potential non-party expert or independent consultant to whom the party intends to disclose confidential materials, and satisfy the requirements of Paragraph 2(d) and 4(c).  Such identification shall provide the person's (i) name; (ii) business affiliation, and title, if any; (iii) business address; and for persons described in paragraphs 2(d) and 4(c), (iv) resume or curriculum vitae; and (v) if not included in the curriculum vitae a summary of the person's employment history for the past five years and description of every current or previous employment or consulting relationship for the past four years.

(b)      The proposed non-party expert or independent consultant shall be made aware of the provisions of this Order, and shall agree to be bound by it as signified by signing a copy of the undertaking annexed at Exhibit A.

(c)      The proposed non-party expert or independent consultant shall not work with or for a party in any non-litigation capacity, including but not limited to patent prosecution, licensing, consulting, product design, product development, product planning, or marketing.

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

8

LA1 884682v.1

(d)    The proposed non-party expert or independent consultant shall neither be nor have been previously engaged by the opposing party in the past five years and still be under an obligation to preserve that party's confidential information.

(e)    The party whose information is sought to be disclosed shall have ten calendar (10) days from the receipt of this identification to object to such disclosure, stating the reasons for such objection.  If an objection is timely made, there shall be no disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material until the issue is resolved either by the parties or by Court order.  This 10-day time period shall not begin until complete disclosures are made pursuant to Paragraph 6(a).

The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material are prohibited from disclosing it to any other person, except in conformance with this Order.  The exchange of undertakings signed by the persons described in paragraphs 2(d) and 4(c) shall not constitute a waiver of the attorney-client, attorney work-product, or any other privilege and shall not subject those consultants who are not designated as testifying experts to discovery except to confirm compliance with this order.

### 7.    Inadvertent Failure To Designate

No designation of documents, including the papers served and/or filed in this case, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall be effective unless there is placed or affixed on such material the following legend prior to its production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of its production, it may be corrected by written notification to opposing counsel

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

LA1 884682v.1

accompanied by copies of the previously-produced copies marked with the appropriate confidentiality designation. The receiving party shall make a reasonable effort to substitute the new copies for the previous copies, including but not limiting to recalling any copies from any consultant or expert and substituting correct copies. Opposing counsel and the opposing party shall not be responsible for any otherwise proper actions it took with respect to such information before receiving notice of the designation. Any document produced prior to the execution of this Order, and that was deemed confidential and produced pursuant to the interim agreement between the parties shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY unless a party otherwise indicates in writing before or after execution of this Order.

**8.** **Designation Of Testimony**

Portions of testimony given at a deposition or hearing (including exhibits) may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by an appropriate statement on the record at the time of the giving of such testimony, or upon review of such transcript by counsel for the party whose CONFIDENTIAL material or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material was given or otherwise produced at the deposition. Said review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript and shall occur as follows: counsel shall designate and list on a separate piece of paper the numbers of the pages and the numbers of the lines of the transcript containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material and shall mail copies of this list to counsel for all parties so that it may be affixed to the face of the transcript and also to each copy. During this thirty (30) day review period the entire deposition transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material. If there is no statement on the record designating any portion of the transcript as "CONFIDENTIAL" or

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and if no such designation is made within the thirty (30) day review period, the transcript shall be considered as containing no CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material, except for designations inadvertently omitted, which may be corrected by written notification as set forth in paragraph 7.

9.      **Use Of Designated Materials**

All discovery material, whether or not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall be used solely in connection with this litigation and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution or product design and development.  Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information for any other purpose.

10.      **Storage Of Designated Materials**

All CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be stored under the direct control of outside counsel of record or persons approved under the provisions of Paragraphs 2 and 4 of this Order who (a) shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and (b) shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order.

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

11

LA1 884682v.1

**11.     Disposition Of Designated Materials Upon Termination Of Case**

After a final, non-appealable termination of this case, receiving outside counsel may retain copies of the pleadings, correspondence, and depositions, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product.   All other CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material produced by a party, and all copies, shall be returned to the producing party, or counsel of record for the receiving party shall certify in writing that such material has been destroyed.   The obligation to return materials includes all materials (and any copy or derivative work product) that have been provided to any consultant or expert.   No expert, consultant, or vendor shall retain any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials, or copies or derivative materials thereof, of an opposing party or non-party after the termination of this case.   The obligation on outside counsel to maintain the confidentiality of materials designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this order shall be deemed continuing.

**12.     Filing Designated Materials With The Court**

No CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material shall be filed in public record of this action except as provided for by this paragraph.   All material so designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible only CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY portions of filings with the Court shall be filed under seal.   To facilitate compliance with this order by the Clerk's office, material filed under the designation "CONFIDENTIAL" or "HIGHLY

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

LA1 884682v.1

CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be contained in a sealed envelope bearing such designation on its front face.  In addition, the envelope shall bear the caption of the case for docketing purposes, and shall state that it is filed under the terms of this Order.

### 13.    Examining Witnesses On Designated Materials

Notwithstanding any other provision of this Order, (a) a party, present employee of a party, or expert of a party may be examined and may testify concerning all CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information produced by that party; and (b) non-parties may be examined in deposition and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information of a producing Party where it clearly and obviously appears on the face of the document or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.  Counsel for the producing party at the deposition may object that prior to showing the document to a non-party, the non-party must sign the undertaking attached to this protective order in the form of Exhibit A.

### 14.    Consent To Jurisdiction

Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

### 15.    In Camera Treatment Of Designated Materials

The parties will confer, and then apply to the Court, regarding the procedures to be used for the in-camera treatment at any trial, hearing or other proceeding of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material.  In no event will any CONFIDENTIAL

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

LA1 884682v.1

or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY materials be disclosed in any hearing, trial or other proceeding without at least fifteen (15) days' written notice to the designating party that the receiving party intends to disclose such materials, so that the designating party may take appropriate steps to limit the public disclosure of its information.

### 16.   Designation Of Non-Party Confidential Information

The provisions of this Order shall be available for application to non-parties who are required to produce confidential information in response to a subpoena, and who in good faith believe that such material contains confidential information.  Any non-party who produces documents or other information in connection with this litigation may designate the documents or information produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within ten (10) days of the date the non- party produces such documents or information.

### 17.   Notes, Extracts, And Summaries

All notes, extracts and summaries of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS" EYES ONLY material shall be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material and be subject to the terms of this Order.

### 18.   Subpoena By Other Courts Or Agencies

If a third party, another court, or agency orders the production of documents or information designated for protection under this protective order, such party shall promptly notify the producing party who designated the material of the order or subpoena so that the producing party may take steps to ensure its confidential information is protected.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**19.     Exceptions**

(a)     This order shall not prevent or prejudice any party from applying to the Court for relief from, or modification to, this Order or for further or additional protection protective orders. Likewise, the parties may agree to a modification of this Order subject to the Court's approval.

(b)     This Order has no effect on and shall not apply to a party's use or disclosure of its own confidential information for any purpose.

**20.     Modifications**

(a)     Any party may at any time seek modification of this Order or may challenge the propriety of a designation, by agreement, or failing agreement, by motion to the Court, pursuant to the federal and local rules.

(b)     After notice to the parties, this Court retains the right to modify this Order without agreement of the parties.

**21.     Challenging Designations**

A party may challenge the propriety of a designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  A party (or aggrieved entity permitted by the Court to intervene for such purpose) shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation (or aggrieved entity permitted by the Court to intervene for such purpose) has a good faith disagreement at any stage of these proceedings with the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute on an informal basis, such as production of redacted copies.  If the dispute cannot be resolved, the challenging party may file a noticed motion with the Court for an

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

15

order invalidating or modifying the designation to which the moving party objects.  The motion should identify with particularity the specific document or information that the challenging party believes was improperly designated and state with particularity and detail the factual and legal grounds on which the challenging party disagrees with the designation.  The restricted status of such information will remain unless and until the Court rules on the motion and determines that such information is not entitled to its designated status.  In connection with the motion, the designating party bears the burden of proof to show by a preponderance of the evidence that there is good cause for the document to have the protection claimed by the designating party.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

LA1 884682v.1

1

## 22.    Agreement To Be Bound

The parties agree to be bound by the terms of the Order prior to and subsequent to entry by the Court.

Respectfully Submitted,

SIDLEY AUSTIN LLP

DATED: February 8, 2007            By  _s/ Olivia M. Kim_____
                                   Edward G. Poplawski (SBN 113590)
                                   *epoplawski@sidley.com*
                                   Denise L. McKenzie (SBN 193313)
                                   *dmckenzie@sidley.com*
                                   Olivia M. Kim (SBN 228382)
                                   *okim@sidley.com*
                                   SIDLEY AUSTIN LLP
                                   555 West Fifth Street, Suite 4000
                                   Los Angeles, California  90013-1010
                                   Telephone:        (213) 896-6000
                                   Facsimile:        (213) 896-6600

                                   **Attorneys For Plaintiffs**
                                   **ATMEL CORPORATION;**
                                   **ATMEL SWITZERLAND'**
                                   **ATMEL FRANCE; and**
                                   **ATMEL SARL**

HOWREY LLP

DATED: February 8, 2007            By  _s/ Brian A.E. Smith_____
                                   Henry C. Bunsow (SBN 60707)
                                   *BunsowH@howrey.com*
                                   Denise Demory (SBN 168076)
                                   *demoryd@howrey.com*
                                   Brian A.E. Smith (SBN 188147)
                                   *smithbrian@howrey.com*
                                   Courtney Towle (SBN 221698)
                                   *towlec@howrey.com*
                                   Howrey LLP
                                   525 Market Street, Suite 3600
                                   San Francisco, CA 94105-2708
                                   Telephone:        (415) 848-4900
                                   Facsimile:        (415) 848-4999
                                   **Attorneys for Defendant**
                                   **AUTHENTEC, INC.**

**STIPULATED PROTECTIVE ORDER**
**C 06-02138 CW**

17

LA1 884682v.1

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.   BUT SEE L.R. 79-5.

3    DATED: _____2/9/07_____            _____

4                                                    CLAUDIA WILKEN
                                                     UNITED STATES DISTRICT JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **STIPULATED PROTECTIVE ORDER**
      **C 06-02138 CW**

LA1 884682v.1