**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    ATMEL CORPORATION, a Delaware              No. C 06-2138 CW
     corporation; ATMEL SWITZERLAND, a
8    corporation; ATMEL FRANCE, a              ORDER DENYING
     corporation; ATMEL SARL, a                DEFENDANT'S MOTION
9    corporation,                              FOR LEAVE TO FILE A
                                               MOTION FOR
10            Plaintiffs,                       RECONSIDERATION OR
                                               FOR CERTIFICATION
11       v.                                     FOR INTERLOCUTORY
                                               APPEAL
12   AUTHENTEC, INC., a Delaware
     corporation,
13
              Defendant.
14
     _____/
15

16

17       Defendant Authentec, Inc. moves for leave to file a motion for

18   reconsideration of the Court's June 11, 2007 order denying its

19   motion to dismiss Plaintiffs' claims for lack of standing.  In the

20   alternative, Defendant seeks certification of the of the issue for

21   interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

22   I.   Leave to File a Motion for Reconsideration

23       Civil Local Rule 7-9(a) states as follows: "No party may

24   notice a motion for reconsideration without first obtaining leave

25   of Court to file the motion."  A request for leave to file a motion

26   for reconsideration may only be granted if the moving party shows:

27       (1) That at the time of the motion for leave, a
         material difference in fact or law exists from that
28       which was presented to the Court before entry of the
         interlocutory order for which reconsideration is

United States District Court
For the Northern District of California

1   sought.  The party also must show that in the exercise
    of reasonable diligence the party applying for
2   reconsideration did not know such fact or law at the
    time of the interlocutory order; or (2) The emergence
3   of new material facts or change of law occurring after
    the time of such order; or (3) A manifest failure by
4   the Court to consider material facts or dispositive
    legal arguments which were presented to the Court
5   before such interlocutory order.

6   Civil L.R. 7-9(b).

7       Defendant argues that "upon re-reviewing the record" it

8   discovered information that undermines Plaintiffs' arguments

9   regarding the existence of subject matter jurisdiction.  Defendant

10  also cites the underlying declarations in Steelcase v. Smart

11  Technologies Inc., 336 F. Supp. 2d 714 (W.D. Mich. 2004), which the

12  Court cited in denying Defendant's motion.  However, neither of

13  these sources of information warrants leave to file a motion for

14  reconsideration under Rule 7-9.  The information in the record was

15  clearly available to Defendant at the time it filed its motion to

16  dismiss and Plaintiffs relied upon Steelcase in their opposition to

17  Defendant's motion.  Defendant does not provide any reason that it

18  was not able to obtain the Steelcase declarations prior to filing

19  its reply brief.

20      Defendant also argues that it need not seek leave to file a

21  motion for reconsideration because it alleges that the Court lacks

22  subject matter jurisdiction and objections to subject matter

23  jurisdiction may not be waived.  See Cripps v. Life Ins. Co., 980

24  F.2d 1261, 1264 (9th Cir. 1992).  Out of an abundance of caution,

25  the Court considers the merits of Defendant's motion for leave to

26  file a motion for reconsideration and finds that its arguments are

27  unavailing.  Defendant argues that the evidence demonstrates that

28
                                    2

United States District Court
For the Northern District of California

there was at least one other non-exclusive licensee to the '114
patent and therefore Atmel Corporation could not have been
considered an exclusive licensee.  However, the document Defendant
cites in support of that argument is dated January, 2000.  Atmel
Corporation did not file its complaint until March, 2006.  Further,
in a document dated May, 2006, Atmel Grenoble, the patentee,
warranted that it had "not granted any licenses or other rights" to
the '114 patent.  DeMory Declaration in Support of Defendant's
Motion to Dismiss at 5.  Further, the fact that Plaintiffs'
situation in this case was not factually identical to that of the
plaintiffs in Steelcase does not undermine the Court's overall
analysis.

Thus, the Court denies Defendant's motion for leave to file a
motion for reconsideration.

II.   Interlocutory Appeal

Pursuant to Title 28 U.S.C. § 1292(b), the district court may
certify appeal of an interlocutory order if (1) the order involves
a controlling question of law, (2) appealing the order may
materially advance the ultimate termination of the litigation, and
(3) there is substantial ground for difference of opinion as to the
question of law.  The Court should construe the requirements for
certification strictly, and grant a motion for certification only
when exceptional circumstances warrant such action.  Coopers &
Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Defendant argues that there is a substantial ground for
difference of opinion as to the Court's conclusion that Atmel
Corporation had constitutional standing at the inception of the

3

case because the Federal Circuit has not yet held that a parent company acting as Atmel Corporation did under the same circumstances could be considered an exclusive licensee.  While the lack of Federal Circuit authority demonstrates that this point of law is both arguable and new, Defendant does not provide any cases that contradict the decision that are directly on point.

Defendant also argues that interlocutory appeal is appropriate because there is a possibility that the case might be dismissed on appeal due to a lack of subject matter jurisdiction.  However, this is true of any case in which subject matter jurisdiction is contested.  Interlocutory decisions not to dismiss a case for lack of subject matter jurisdiction are "not per se reviewable." Things Remembered v. Petrarca, 516 U.S. 124, 132 n.1 (1995) (Ginsburg, J., concurring).  Because "every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion," the question will be left "open for eventual appellate consideration." Id.

The Court finds that there are no extraordinary circumstances warranting certification for interlocutory appeal in this case.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for leave to file a motion for reconsideration or for certification for interlocutory appeal (Docket No. 79).

IT IS SO ORDERED.

Dated: 6/29/07

_____
CLAUDIA WILKEN
United States District Judge

4

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28