IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION,<br><br>      Plaintiff,<br><br>  v.<br><br>AUTHENTEC INC,<br><br>      Defendant.<br>_____/ | No. C-06-02138 CW (EDL)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL** |

On November 6, 2007, Defendant filed a Motion to Compel Atmel's Compliance with Discovery Obligations, raising issues relating to compliance with the Court's prior discovery order as well as new discovery disputes. On November 20, 2007, Plaintiff filed an opposition to the motion to compel. Defendant filed a reply on November 27, 2007. Because this matter is appropriate for decision without oral argument, the hearing set for December 11, 2007 is vacated.

A party filing a motion to compel must certify that it met and conferred with the opposing party prior to filing the motion. Fed. R. Civ. P. 37(a)(1). "The mere sending of a written, electronic or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion - either in a face to face meeting or in a telephone conversation." Civil L.R. 1-5(n). Here, Defendant has failed to demonstrate that it engaged in any direct dialogue or discussion as required by Civil Local Rule 1-5(n) prior to filing the motion to compel. Defendant states that it has provided "myriad documentary evidence" of its meet and confer with Plaintiff. That documentary evidence, however, consists of four letters and two e-mail communications that it sent to Plaintiff, none of which indicate any oral discussion of the issues took place. See DeMory Decl. Exs. 2, 11, 15, 16, 21, 22. The telephone discussion that took place on November 14, 2007, *after* the motion to compel

United States District Court / For the Northern District of California

was filed, does not satisfy the meet and confer requirement.  See Supp. DeMory Decl. ¶ 2.

Accordingly, Defendant's motion to compel is denied without prejudice.  The parties are ordered to meet and confer immediately and in person regarding this motion to compel and all other pending or anticipated discovery motions.  While the Court hopes it will not be necessary, if bona fide discovery disputes genuinely remain as part of this motion to compel after the parties have met and conferred in good faith, Defendant may file a renewed motion on the remaining disputes.

In general, the Court is troubled by both parties' inability to reach reasonable resolutions of discovery disputes in this case.  In addition to this motion, the Court has heard six discovery motions between September 11, 2007 and October 23, 2007 in this case, and another discovery motion is scheduled to be heard on shortened time on December 11, 2007.  Neither side is blameless in contributing to the motion practice in this case.  As reflected in the Court's orders on the prior motions, there has been overreaching by both sides.  Accordingly, henceforth, the most senior counsel listed on the docket, i.e., Edward Poplawski for Plaintiff and Henry Bunsow for Defendant, shall meet and confer in person before filing any future discovery motion in this case, and shall meet and confer in person regarding the Motion to Modify the Designation of Allegedly Highly Confidential Documents scheduled for hearing on December 11, 2007 and any renewed motion to compel filed in accordance with this Order.

**IT IS SO ORDERED.**
Dated: December 3, 2007

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

2