Edward G. Poplawski (SBN 113590)
epoplawski@sidley.com
Denise L. McKenzie (SBN 193313)
dmckenzie@sidley.com
Olivia M. Kim (SBN 228382)
okim@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

**Attorneys For Plaintiffs**
Atmel Corporation;
Atmel Switzerland;
Atmel France; and
Atmel SARL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; and ATMEL SARL, a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant | Case No. C 06-02138 CW (EDL)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT AUTHENTEC'S MOTION TO MODIFY THE DESIGNATION OF ALLEGEDLY HIGHLY-CONFIDENTIAL DOCUMENTS**<br><br>Date: December 11, 2007<br>Time: 9:00 a.m.<br>Location: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

# TABLE OF CONTENTS

**Page(s)**


**I. INTRODUCTION .......... 1**

**II. FACTUAL BACKGROUND. .......... 2**

A. AuthenTec Refused To Properly Meet And Confer And Prematurely Filed The Motion .......... 2

B. AuthenTec Again Refused To Resolve The Issues Without Further Burdening The Court. .......... 3

C. Judge Wilken Already Determined That The Assignment Agreements Are Highly Confidential. .......... 3

**III. AUTHENTEC'S GENERAL COUNSEL AND SOLE IN-HOUSE ATTORNEY SHOULD NOT BE ALLOWED TO REVIEW ANY OF ATMEL'S HIGHLY CONFIDENTIAL DOCUMENTS. .......... 4**

**IV. ATMEL PROPERLY DESIGNATED DOCUMENTS HIGHLY-CONFIDENTIAL IN GOOD FAITH AND PURSUANT TO THE PROTECTIVE ORDER .......... 6**

A. Exhibits From Jean-Francois Mainguet's Deposition .......... 7

1. Exhibits Concerning Research And Development Of Competing Products Are Highly Confidential. .......... 7

2. Exhibits Concerning AuthenTec And Other Competitors Are Highly Confidential .......... 10

3. Atmel's Presentations That May Have Been Shared With Potential Customers Are Highly Confidential. .......... 11

4. Other Highly Confidential Exhibits From Mr. Mainguet's Deposition Challenged By AuthenTec. .......... 12

B. Mr. Mainguet's Deposition Transcript Is Highly Confidential. .......... 13

C. Exhibits From Bruno Charrat's Deposition. .......... 13

D. Agreements Concerning Patents-In-Suit And Atmel's Products Are Highly Confidential .......... 14

**V. CONCLUSION .......... 15**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Standard, Inc. v. Howmedica, Inc.*
828 F.2d 734 (Fed. Cir. 1987).......... 5

*Andrx Pharm., LLC v. Glaxosmithkline PLC*, 236 F.R.D 583 (S.D. Fla. 2006) .......... 5, 14

*Brown Bag Software v. Friend*
960 F.2d 1465 (9th Cir. 1992) .......... 4, 7

*Chan v. Intuit, Inc.*
218 F.R.D. 659 (N.D. Cal. 2003).......... 14

*Intel Corp. v. Via Tech., Inc.*
198 F.R.D. 525 (N.D. Cal. 2000).......... 5, 7

*Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*
242 F.R.D. 552 (C.D. Cal. 2207).......... 13

*Phillips v. Netblue, Inc.*
No. C-05-04401 SC (EDL), 2007 WL 163183 (N.D. Cal. Jan. 19, 2007) .......... 7

*Sullivan Mktg., Inc. v. Valassis Communications, Inc.*
No. 93 Civ. 6350 (PKL), 1994 U.S. Dist. LEXIS 5824 (S.D.N.Y. May 5, 1994).......... 5, 10, 11, 13

*U.S. Steel Corp. v. United States*
'730 F.2d 1465 (Fed. Cir. 1984).......... 4, 5, 6

*Use Techno Corp. v. Kenko USA, Inc.*
No. C-06-02754 EDL, 2007 U.S. Dist. LEXIS 80006 (N.D. Cal. Oct. 2007).......... 3

## Rules

Civil L.R. 37-1(a).......... 2

FED. R. CIV. P. 26(c) .......... 6, 7

Plaintiffs Atmel Corporation, Atmel Switzerland, Atmel France and Atmel SARL (collectively "Atmel") respectfully submit this Opposition to Defendant AuthenTec, Inc.'s ("AuthenTec") Motion to Modify the Designation of Allegedly Highly-Confidential Documents (Dkt. No. 214).

## I. INTRODUCTION

Without properly meeting and conferring pursuant to the Civil Local Rules and Federal Rules of Civil Procedure, AuthenTec brings another unnecessary and frivolous motion, which challenges sixty (60) of Atmel's documents that were designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order (hereinafter "Highly Confidential"). In light today's Order wherein the Court expressed its concerns over the parties' inability to resolve discovery disputes, Atmel tried to resolve the issues without further burdening the Court. Atmel requested that AuthenTec agree to vacate the hearing and have the senior counsel meet and confer in good faith. However, AuthenTec refused and forced Atmel to file this Opposition.

The purpose of AuthenTec's motion is to have Fred Jorgenson, AuthenTec's sole in-house counsel who is engaged in competitive decision-making, view Atmel's Highly Confidential documents. Allowing disclosure of Highly Confidential documents to Mr. Jorgenson would be highly prejudicial and irreparably harmful to Atmel because there is a high risk of inadvertent disclosure and improper use of such information. Indeed, there is no question that most of the documents challenged by AuthenTec are properly designated Highly Confidential because they include confidential agreements, documents relating to research and development, marketing and pricing strategies and plans, and internal financial information of the products that are in direct competition with AuthenTec's products. In fact, some of the documents – specifically the assignment agreements – were already determined by Judge Wilken that they were properly designated Highly Confidential pursuant to the Protective Order. (Dkt. No. 73.)

AuthenTec's frivolous motion needlessly created burden on Atmel and the Court. Atmel was forced to file more than 40 voluminous documents under seal for it has the burden to show that the challenged documents are in fact Highly Confidential. Now, the Court has to review these

documents, which are clearly Highly Confidential. AuthenTec should not have brought this motion and it appears that AuthenTec knew that its motion is without any merit because it failed to file with its motion any documents that it is challenging or set forth any legal support for its challenges.

Furthermore, AuthenTec continually fails to meet and confer before filing the discovery motions. The five documents that were challenged would have been de-designated and the nine documents that were challenged would have been produced without any designation with redactions of Highly Confidential information if AuthenTec first met and conferred in good faith. AuthenTec's repeated flagrant disregard for the Court's rules for meeting and conferring should no longer be tolerated.

Accordingly, AuthenTec's unnecessary and frivolous motion to modify designations should be denied in its entirety.

## II. FACTUAL BACKGROUND.

### A. AuthenTec Refused To Properly Meet And Confer And Prematurely Filed The Motion.

The day before it filed the current motion, AuthenTec requested that Atmel agree to shorten time on hearing relating to de-designation issues concerning "certain documents." (Dkt. No. 229-2, Ex. 1 to Kim Decl. re opposition to shorten time.) However, AuthenTec did not identify what "certain documents" consist of. Only after Atmel requested that AuthenTec clarify, AuthenTec identified by deposition exhibit numbers the documents in its motion. (*Id.*) This was the ***first time*** that AuthenTec clearly identified and listed the deposition exhibits at issue. Accordingly, Atmel requested to meet and confer on the issues; however, AuthenTec refused to set up a call with Atmel and filed the motion the next day, on November 21, 2007. (*Id.*)

AuthenTec does not have any excuse for refusing to meet and confer with Atmel and prematurely filing the current motion. AuthenTec's repeated violation of failing to meet and confer before filing the discovery motions should not be tolerated. Accordingly, the current motion should be denied for failing to meet and confer. Civil L.R. 37-1(a); *see also Use Techno Corp. v. Kenko*

*USA, Inc.*, No. C-06-02754 EDL, 2007 U.S. Dist. LEXIS 80006 (N.D. Cal. Oct. 2007) (denying discovery motions based on counsel's failure to meet and confer).

### B. AuthenTec Again Refused To Resolve The Issues Without Further Burdening The Court.

Today, the Court issued an Order denying AuthenTec's Motion to Compel Compliance with Discovery Obligations without prejudice because AuthenTec failed to properly meet and confer. (Dkt. No. 232.) In the Order, the Court stated that "the Court is troubled by both parties' inability to reach reasonable resolutions of discovery disputes in this case." (*Id.*) In light of this Order, Atmel's counsel contacted AuthenTec's counsel and requested that AuthenTec agree to vacate the upcoming hearing on December 11 and that the parties, including the senior counsel, try to resolve the issues without further burdening the Court. (Kim Decl.[1] at ¶ 9.) However, AuthenTec's counsel refused to agree to vacate the hearing and demanded that Atmel obtain the availability of the senior counsel, Ed Poplawski. (*Id.*) Because the Order just came out today, Atmel did not have the schedule of the Mr. Poplawski yet. Later, AuthenTec's counsel e-mailed Atmel's counsel and accused Atmel of not attempting to comply with today's Order. (Ex. H to Kim Decl., 12/03/07 e-mail correspondence.) Contrary to AuthenTec's improper accusation, Atmel not only was trying to fully comply with the Court's Order, but tried in good faith to resolve the issues without the Court's intervention. However, as customary, AuthenTec refused to work out any issues in good faith and instead, opted for unnecessarily burdening the Court.

### C. Judge Wilken Already Determined That The Assignment Agreements Are Highly Confidential.

Back in May, AuthenTec has requested that some of Atmel's assignment agreement that AuthenTec had filed with its motion to dismiss for lack of subject matter be allowed to be shared with Fred Jorgenson, Vice President, General Counsel and Secretary of AuthenTec and AuthenTec's sole in-house counsel. (Dkt. No. 215-2, Ex. 1 to De Mory Decl.) However, Atmel declined because

---

[1] *Declaration of Olivia M. Kim in Support of Plaintiffs' Opposition to Defendant AuthenTec's Motion to Modify the Designation of Allegedly Highly-Confidential Documents* filed concurrently.

the assignment agreements were Highly Confidential and Mr. Jorgenson was involved in licensing and patent prosecution at AuthenTec. (Dkt. No. 215-6, Ex. 5 to De Mory Decl.) Indeed, Judge Wilken has determined that the assignment agreements at issue (Exhibits 3, 4, 7 and 11 to Dkt. No. 60[2]) were Highly Confidential and that they were "covered by the Court's protective order". (Dkt. No. 73.)

Perhaps not satisfied with Judge Wilken's determination and in a further attempt to have Mr. Jorgenson review Atmel's Highly Confidential documents, AuthenTec proposed in October that all pre-2005 materials be allowed to be reviewed by Mr. Jorgenson regardless of designation in exchange of allowing one person at Atmel review AuthenTec's documents. (Dkt. No. 215-7, Ex. 6 to De Mory Decl.) However, due to the sensitive and highly confidential information in Atmel's production and in light of Mr. Jorgenson's decision-making responsibilities and position at AuthenTec, Atmel again declined. (Dkt. No. 215-8, Ex. 6 to De Mory Decl.)

## III. AUTHENTEC'S GENERAL COUNSEL AND SOLE IN-HOUSE ATTORNEY SHOULD NOT BE ALLOWED TO REVIEW ANY OF ATMEL'S HIGHLY CONFIDENTIAL DOCUMENTS.

The purpose of AuthenTec's motion is to have its sole, in-house lawyer, specifically its Vice President, General Counsel and Secretary, review Atmel's Highly Confidential Documents. However, Mr. Jorgenson should not be allowed to review any of Atmel's properly designated Highly Confidential documents because he is clearly a competitive decision maker for AuthenTec, a competitor of Atmel. Indeed, the very reason AuthenTec makes this motion is the reason it should be denied.

Courts have precluded in-house counsel from accessing highly confidential information where the in-house counsel has a part in the type of competitive decision-making that would involve the potential use of the confidential information. *Brown Bag Software v. Friend*, 960 F.2d 1465, 1470 (9th Cir. 1992); *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984);

[2] *Declaration of Denise M. De Mory in Support of Defendant AuthenTec's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction.*

*Sullivan Mktg., Inc. v. Valassis Communications, Inc.*, No. 93 Civ. 6350 (PKL), 1994 U.S. Dist. LEXIS 5824, at *6 (S.D.N.Y. May 5, 1994). "In particular case, *e.g.*, where in-house counsel are involved in competitive decision making, it may well be that a party seeking access should be forced to retain outside counsel or be denied the access recognized as needed." *U.S. Steel Corp.*, 730 F.2d at 1468. Courts have also "presumed that disclosure to a competitor is more harmful than disclosure to a non-competitor." *Am. Standard, Inc. v. Howmedica, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987).

Here, there is no question that Mr. Jorgenson engages in competitive decision-making and should be precluded from accessing any of Atmel's Highly Confidential documents.[3] First, as noted above, Mr. Jorgenson is Vice President, General Counsel and Secretary of AuthenTec, and is so senior and central to the company that he is listed on AuthenTec's website as part of its management team.[4] AuthenTec's Form S-1 registration statement filed on June 26, 2007 in connection with its initial public offering identifies Mr. Jorgenson as an executive of the company.[5] As a senior manager and executive of AuthenTec, Mr. Jorgenson no doubt has competitive decision-making responsibilities.

Second, he is AuthenTec's sole in-house attorney. (Dkt. No. 229-3, 05/01/07 Price Dep. Tr. at 8:17-25.) Accordingly, it comes as no surprise that Mr. Jorgenson is the only attorney at AuthenTec who is responsible for, *inter alia*, licensing and prosecution of patents. (*Id.* at 7:23-8:25 & 47:19-48:10.) Such activities constitute competitive decision-making, and courts have precluded in-house attorneys engaged in such activities from accessing highly confidential documents. *Intel Corp. v. Via Tech., Inc.*, 198 F.R.D. 525, 527-32 (N.D. Cal. 2000) (in-house attorney's involvement in licensing through litigation constitutes competitive decision-making); *Andrx Pharm., LLC v. Glaxosmithkline, PLC*, 236 F.R.D 583, 586 (S.D. Fla. 2006) ("Several courts have determined that

---

[3] If AuthenTec argues otherwise – that Mr. Jorgenson does not engage in competitive decision-making – Atmel requests an opportunity to either cross-examine or depose Mr. Jorgenson.

[4] *See* http://www.authentec.com/aboutus-management.html.

[5] *See* http://www.sec.gov/Archives/edgar/data/1138830/000095014407006015/g05924a5sv1za.htm#111.

advice related to patent prosecution and advice on the scope of patent claims constitute competitive decision-making.").

Third, the very reason that AuthenTec wants this information demonstrates that it is for competitive decision making. AuthenTec wants this information – *e.g.*, deposition transcripts, non-public financial information, Atmel's confidential agreements – in order for its Vice President and General Counsel to prepare for a mediation session, which may include the discussion of licensing or licensing terms. As noted above, that is competitive decision making.

Finally, Atmel and AuthenTec are direct competitors. Allowing Mr. Jorgenson, who is engaged in competitive decision-making, would significantly increase the risk of inadvertent disclosure to a competitor. Such disclosure would result in extreme prejudice and irreparable harm to Atmel.

Separately, AuthenTec has also designated similar documents Highly Confidential, including its financial documents (P&Ls), internal e-mails concerning development of AuthenTec products, and presentations concerning its products. Atmel's in-house counsel also cannot review any of AuthenTec's Highly Confidential documents, and thus Atmel faces the same constraints in preparing for the mediation that AuthenTec's counsel does. However, this is a normal practice in the litigation between competitors and the parties are not in any way impaired to litigate through outside counsel. *See U.S. Steel*, 730 F.2d at 1468; *Intel Corp.*, 198 F.R.D. at 528.

## IV. ATMEL PROPERLY DESIGNATED DOCUMENTS HIGHLY-CONFIDENTIAL IN GOOD FAITH AND PURSUANT TO THE PROTECTIVE ORDER.

The parties entered into a Stipulated Protective Order, which allows a party to designate as "Highly Confidential – Attorneys' Eyes Only" documents that are "confidential and proprietary research, trade secrets, development and/or commercial information within the meaning of FED. R. CIV. P. 26(c)." (Dkt. No. 42.)

> A "trade secret" under California law is information which: "(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are

> reasonable under the circumstances to maintain its secrecy." Uniform Trade Secrets Act, Cal. Civ. Code § 3425.1(d).

*Phillips v. Netblue, Inc.*, No. C-05-04401 SC (EDL), 2007 WL 163183, at *1 (N.D. Cal. Jan. 19, 2007).

Atmel has properly designated all remaining documents had AuthenTec met and conferred Highly Confidential pursuant to the Protective Order. These documents consist of trade secrets, confidential and proprietary research, development and commercial information, in which disclosure to AuthenTec would result in irreparable harm to Atmel and AuthenTec may derive unfair economic value.

In attempt to have its sole in-house attorney with competitive decision-making responsibilities inappropriately review Atmel's Highly Confidential documents, AuthenTec brings its motion without any legal or factual bases to support its arguments. Indeed, AuthenTec did not file with its motion any of the documents that it is challenging and fails to articulate reasons why – other than that Mr. Jorgenson should be able to review the documents – the documents should be de-designated. In effect, AuthenTec is improperly trying to amend the Protective Order to allow Mr. Jorgenson to review Highly Confidential documents, without having the burden to prove good cause to do so. As shown below, Atmel's documents are clearly Highly Confidential and AuthenTec's in-house counsel should not be allowed to review such documents. *See, e.g.*, *Brown Bag Software*, 960 F.2d at 1470; *U.S. Steel Corp.*, 730 F.2d at 1468.

### A. Exhibits From Jean-Francois Mainguet's Deposition.

#### 1. Exhibits Concerning Research And Development Of Competing Products Are Highly Confidential.

There is no doubt that documents concerning research and development of products are Highly Confidential and that disclosure of such documents to a competitor would result in irreparable harm. FED. R. CIV. P. 26(c)(7); *see also Brown Bag Software*, 960 F.2d at 1469-70. This is especially true when the products are in direct competition. *See, e.g.*, *Intel Corp.*, 198 F.R.D. at 527.

The exhibits from Mr. Mainguet's deposition challenged by AuthenTec include Atmel's (and Atmel's predecessor's) plan, research and development, and marketing strategies and plans of Atmel's products, which are in direct competition with AuthenTec's products. They also include documents relating to conception and reduction to practice the patents-in-suit, which are part of Atmel's research and development of its products. Such documents are Highly Confidential and should not be shared with AuthenTec's sole in-house counsel who is engaged in competitive decision-making. *See id.* It does not matter if these documents are dated prior to 2000 – they are directed to Atmel's plan, research and development of products that are currently sold and embody the patented invention, which are Highly Confidential information that should not be shared with any competitors, including AuthenTec. Accordingly, the following documents challenged by AuthenTec are all Highly Confidential and should not be allowed to be shared with Mr. Jorgenson:

| Ex. to Kim Decl.[6] | Depo Ex. | Description |
|---|---|---|
| A1 | Mainguet 3 | AML000500 & AML045110-111 (translation): Mr. Mainguet's internal Atmel e-mail concerning fingerprint sensors, which relates to the conception of patents-in-suit. |
| A2 | Mainguet 4 | AML046073-098: Internal Atmel e-mail concerning search for fingerprint sensors for purpose of research and development and work product regarding same. |
| A3 | Mainguet 8 | Various Atmel production: collection of internal Atmel e-mails authored by Mr. Mainguet concerning fingerprint sensors for purpose of research and development and work product regarding same. |
| A4 | Mainguet 9 | AML001315-326: Atmel's fingerprint sensor diagrams and source code/algorithm wrote by Mr. Mainguet. |

[6] AuthenTec challenged total of sixty (60) documents and Atmel tried its best to minimize the volume of documents that needed to be filed under seal. Atmel believes that it has sufficiently established in this Opposition that the documents at issue are Highly Confidential. However, if the Court deems that declarations are needed from Atmel, Atmel should be given time to obtain such declarations. The lack of time in responding to AuthenTec's meritless motion precluded Atmel from obtaining such declarations. Indeed, Atmel only had 6 business days to oppose the motion due to AuthenTec's motion to shorten time hearing. (*See* Dkt. No. 230.)

| Ex. to Kim Decl.[6] | Depo Ex. | Description |
|---|---|---|
| A5 | Mainguet 10 | AML034288-348: Mr. Mainguet's handwritten notebook with notes regarding meetings for purpose of research and development of fingerprint sensors. |
| A6 | Mainguet 11 | AML001627-631: Thomson-CSF's (Atmel's predecessor) slides concerning development of fingerprint sensors. |
| A7 | Mainguet 12 | AML001727-874: Mr. Mainguet's report concerning research and development of fingerprint sensors circulated to internal biometrics team. |
| A8 | Mainguet 13 | AML001311-314: Internal document concerning fingerprint sensor project plan. |
| A9 | Mainguet 14 | AML001308-310: Internal memo concerning launching of fingerprint sensor project and organizational charts. |
| A10 | Mainguet 22 | AML013215-250: Thomson-CSF slides describing fingerprint sensor products and development.[7] |
| A11 | Mainguet 23 | AML013286-301: Internal e-mail written by Mr. Mainguet concerning potential customer questions re fingerprint sensors being developed. |
| A12 | Mainguet 26 | Various Atmel production: collection of e-mails discussing plans for fingerprint sensor project, potential partners, and competitors – all related to research and development. |
| A13 | Mainguet 28 | AML032319-328: Thomson-CSF slides describing fingerprint sensor products and development. (*See* A10 above.) |
| A14 | Mainguet 57 | AML003686-725: Thomson-CSF slides describing fingerprint sensor products and development. (*See* A10 above.) |
| A15 | Mainguet 58 | AML003726-759: Thomson-CSF slides describing fingerprint sensor products and development for purpose of sales training – directed to confidential marketing plans. |
| A16 | Mainguet 59 | AML003760-797: Thomson-CSF slides describing fingerprint sensor products and development for purpose of sales training – directed to confidential marketing plans. |

[7] It is noted that AuthenTec also designated its similar documents (slides describing AuthenTec products) Highly Confidential. (*See, e.g.*, Ex. G1 to Kim Decl., AUTH-A 003854-870.)

AuthenTec also challenges Exhibits 5, 6, 7, 15 and 43 from Mr. Mainguet's deposition. However, these documents were never designated Highly Confidential. Accordingly, AuthenTec does not have any basis for challenging designation of these documents because there was no confidential designation.[8]

**2. Exhibits Concerning AuthenTec And Other Competitors Are Highly Confidential.**

Internal discussions concerning competitors, including AuthenTec, are Highly Confidential because it discloses what Atmel is doing internally to study and keep track of its competitors. Moreover, studies on competitors are part of strategies on pricing and marketing of the competing products. Indeed, "pricing and marketing strategies are widely held to be confidential business information that may be subject to a protective order." *Sullivan Mktg., Inc.*, 1994 U.S. Dist. LEXIS 5824, at *3-4. It would be highly prejudicial to Atmel if such strategy documents were disclosed to its competitors. Accordingly, the following documents challenged by AuthenTec are Highly Confidential and should not be disclosed to Mr. Jorgenson:[9]

| Ex. to Kim Decl. | Depo Ex. | Description |
|---|---|---|
| B1 | Mainguet 41 | AML034996-997: Internal e-mail from Mr. Mainguet discussing AuthenTec's sensor. |
| B2 | Mainguet 46 | AML005963-964: Internal e-mail discussing of lost sale to AuthenTec. |
| B3 | Mainguet 51 | AML031958-959: Internal e-mail discussing various competitors. |

[8] Other documents challenged by AuthenTec are Exhibits 24, 25 and 42 from Mr. Mainguet's deposition. After a careful review and consideration, Atmel has determined that Exhibits 24 and 25 would be de-designated. As for Exhibit 42, the document contains both Highly Confidential internal information (similar to documents discussed above) and publicly available information. Therefore, the Highly Confidential internal information will be redacted and the redacted version will be produced without any designation.

[9] Other documents challenged by AuthenTec are Exhibits 47-50, 53-54 and 62 from Mr. Mainguet's deposition. These documents contain both Highly Confidential internal information (similar to documents discussed above) and publicly available information. Therefore, the Highly Confidential internal information will be redacted and the redacted version will be produced without any designation.

| Ex. to Kim Decl. | Depo Ex. | Description |
|---|---|---|
| B4 | Mainguet 52 | AML034435: Internal e-mail from Mr. Mainguet discussing AuthenTec's sensor. |
| B5 | Mainguet 55 | AML034651-652: Internal e-mail discussing various competitors. |
| B6 | Mainguet 63 | AML029585-586: Internal e-mail discussing comparison between Atmel and AuthenTec sensors. |
| B7 | Mainguet 64 | AML034580: Internal e-mail from Mr. Mainguet discussing AuthenTec's sensor. |
| B8 | Mainguet 65 | AML034372-373: Internal e-mail from Mr. Mainguet discussing AuthenTec's sensor. |
| B9 | Mainguet 66 | AML034413-414: Internal e-mail from Mr. Mainguet discussing AuthenTec's sensor. |

**3. Atmel's Presentations That May Have Been Shared With Potential Customers Are Highly Confidential.**

AuthenTec challenges documents that are presentations made by Atmel, that may have been shared with third parties who are potential customers. Materials shared with potential customers are off-limits to competitors because the competitors consistently vie for the same customers – in fact, Atmel and AuthenTec always compete for the same customers in the market. Sharing such documents with competitors would result in disclosing Atmel's strategies and plans in regards its customers and marketing of its products. Indeed, AuthenTec has also designated similar documents – its presentations to third parties – Highly Confidential. (*See, e.g.*, Ex. G1 to Kim Decl., AUTH-A 003854-870.) Sharing such documents would result in unfair economic value and competitive advantage for AuthenTec and irreparable harm to Atmel. *See, e.g., Sullivan Mktg., Inc.*, 1994 U.S. Dist. LEXIS 5824, at *3-4. Accordingly, it would be highly prejudicial to Atmel if the following documents are shared with Mr. Jorgenson:[10]

[10] AuthenTec also challenges Exhibit 27 from Mr. Mainguet's deposition. After a careful review and consideration, Atmel has determined that Exhibit 27 would be de-designated.

| Ex. to Kim Decl. | Depo Ex. | Description |
|---|---|---|
| C1 | Mainguet 16 | AML026373-403: Atmel slides describing its FingerChip products, its business model, strategy and roadmaps of future plans. |
| C2 | Mainguet 18 | AML032285-316: Atmel slides describing its FingerChip products, its business model, strategy and roadmaps of future plans. |
| C3 | Mainguet 19 | AML034241-279: Atmel slides describing its FingerChip products and its study comparing its sensors to competitors. |
| C4 | Mainguet 56 | AML032750-768: Atmel slides describing its FingerChip products and its study comparing its sensors to competitors. |

#### 4. Other Highly Confidential Exhibits From Mr. Mainguet's Deposition Challenged By AuthenTec.

AuthenTec also challenges similar documents that relate to Atmel's internal discussions concerning its patents, development of its products and competitors. For the same reasons set forth above, the following documents should not be shared with Mr. Jorgenson:[11]

| Ex. to Kim Decl. | Depo Ex. | Description |
|---|---|---|
| D1 | Mainguet 17 | AML028520-528: Atmel slides re its study comparing its sensors to competitors. |
| D2 | Mainguet 36 | AML034349-352: Internal e-mail from Mr. Mainguet discussing status of patents-in-suit and competitors. |

As to Exhibit 29, in which AuthenTec discusses in length in its motion (pp. 4-7), Atmel would have de-designated this document without any motion practice if AuthenTec had properly met and conferred with Atmel. Moreover, AuthenTec also designated its documents that are publicly available Highly Confidential. (*See, e.g.*, Ex. G3 to Kim Decl., AUTH-A 017613-614 & AUTH-A 018371-372, AuthenTec product data sheets.)

AuthenTec in detail argues only about Exhibit 29 in its motion because this is the only document that AuthenTec has any basis for its challenge. As shown here, most of the documents are

[11] AuthenTec also challenges Exhibit 20 from Mr. Mainguet's deposition. After a careful review and consideration, Atmel has determined that Exhibit 20 would be de-designated.

properly designated Highly Confidential and AuthenTec unnecessarily burdens the Court and Atmel by bringing its frivolous motion.

**B. Mr. Mainguet's Deposition Transcript Is Highly Confidential.**

Mr. Mainguet's deposition transcript is Highly Confidential.[12] However, because there were a few questions regarding documents that were not designated Highly Confidential, such portions will be de-designated.[13]

**C. Exhibits From Bruno Charrat's Deposition.**

Exhibits from Mr. Charrat's deposition challenged by AuthenTec consists of documents relating to Atmel's sales and internal discussion of lost sales to AuthenTec. Atmel's internal sales information concerning its fingerprint slide sensors, such as its P&Ls and charts containing the numbers and information regarding its sales is Highly Confidential. *See, e.g.*, *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 556 (C.D. Cal. 2207) (revenue and sale information designated "attorneys' eyes only" and should not be shared anyone except outside counsel and experts); *Sullivan Mktg., Inc.*, 1994 U.S. Dist. LEXIS 5824, at *3-4 (pricing information, including revenue, subject to protective order). Indeed, AuthenTec also designated Highly Confidential its financial charts and P&Ls, regardless of the date of the information. (*See*, *e.g.*, Ex. G2, AUTH-A 022224-242, AuthenTec's 2003-2004 P&Ls.) Further, as discussed above, Atmel's internal discussions concerning its competitors in the market, including AuthenTec, is Highly Confidential. Accordingly, the following documents should not be allowed to be shared with Mr. Jorgenson:[14]

---

[12] It is noted that AuthenTec has designated Highly Confidential the transcripts of depositions of its witnesses, including Messrs. Boshra, Ciaccia, Iantosca, Kramer, Moody, Sherlock, Stewart, and Ms. Recob.

[13] Specifically, the following portions will be de-designated from Mr. Mainguet's deposition transcript: 7:25-24:17; 74:6-94:12; 96:13-98:8; 99:10-102:18; 221:22-227:4; 290:13-292:18; 297:23-300:20; 327:3-328:3; 357:21-359:18; 362:21-381:6; 383:6-389:13; 413:4-417:3; 420:4-422:3; 423:20-430:5; 447:4-448:11; 490:23-491:16.

[14] AuthenTec also challenges Exhibit 94 from Mr. Mainguet's deposition. This document contain both Highly Confidential internal information (similar to documents discussed above) and publicly

*(Footnote continued)*

| Ex. to Kim Decl. | Depo Ex. | Description |
|---|---|---|
| E1 | Charrat 84 | AML003860-868: Atmel 2004 Biometrics Business Unit P&Ls |
| E2 | Charrat 85 | AML003869: Atmel 2005 Biometrics Business Unit P&Ls |
| E3 | Charrat 97 | AML034994-995: Internal e-mail re lost sales to AuthenTec |
| E4 | Charrat 98 | AML045149-155: Atmel Sales Information from 2001 to 2005 |

**D. Agreements Concerning Patents-In-Suit And Atmel's Products Are Highly Confidential.**

AuthenTec challenges documents that consist of assignment agreements of the patents-in-suit and other confidential agreements. Judge Wilken has already determined that that the assignment agreements, which were attached to Ms. De Mory's declaration in support of AuthenTec's motion to dismiss for lack of subject matter (as Exhibits 3, 4, 7 and 11 to Dkt. No. 60), were "covered by the Court's protective order" and deemed appropriate to be filed under seal.[15] (Dkt. No. 73.)

Further, these agreements challenged by AuthenTec include not only highly confidential terms, but also contain lists and information concerning Atmel's (and its predecessors') patent applications and patents. Such Highly Confidential information cannot be shared with the competitor's sole in-house lawyer who is involved in or responsible for overseeing patent prosecution. As discussed above, Mr. Jorgenson's competitive decision-making responsibilities include decisions regarding patent prosecution at AuthenTec; thus, there is a high risk of Mr. Jorgenson inadvertently using confidential patent and patent application information from these agreements for AuthenTec's future or pending patents. *See, e.g.*, *Andrx Pharm., LLC*, 236 F.R.D at 586 (patent prosecution constitutes competitive decision-making); *Chan v. Intuit, Inc.*, 218 F.R.D. 659, 661-62 (N.D. Cal. 2003) (barring anyone viewing confidential documents from engaging in

---

available information. Therefore, the Highly Confidential internal information will be redacted and the redacted version will be produced without any designation.

[15] Judge Wilken, however, determined that "arguments concerning the transfer and ownership of the patents at issue" were not Highly Confidential. (Dkt. No. 73.)

patent prosecution for a party during litigation and for two years after the conclusion of the case). Accordingly, sharing these Highly Confidential agreements with AuthenTec would be highly prejudicial and irreparably harmful to Atmel and the following documents should not be allowed to be shared with Mr. Jorgenson:

| Ex. | Description |
|---|---|
| Ex. 3 to De Mory Decl. re Motion to Dismiss[16] | AML002786-801: assignment agreement between Thomson-CSF and Thomson-CSF Semiconducteurs Specifiques (Atmel's predecessor) concerning, *inter alia*, applications that ultimately became the patents-in-suit. |
| Ex. 4 to De Mory Decl. re Motion to Dismiss | AML 002802-807: assignment agreement between Atmel Grenoble and Thales. |
| Ex. 7 to De Mory Decl. re Motion to Dismiss | AML 002815-834: assignment agreement between Atmel Grenoble and Atmel Switzerland. |
| Ex. 11 to De Mory Decl. re Motion to Dismiss | AML 002808-810 & AML 002835-845: amendment assignment agreement between Atmel Grenoble and Atmel Switzerland; assignment agreement between Atmel Grenoble and Atmel France. |
| F1 to Kim Decl. | AML 013957-4087: Stock Purchase Agreement between Thomson-CSF and Atmel Corporation. |
| F2 to Kim Decl. | AML 014142-313: Share Purchase Agreement between e2v and Atmel Paris. |

## V. CONCLUSION

For the reasons set forth above, Atmel respectfully submits that AuthenTec's motion be DENIED in its entirety.

Respectfully Submitted,

DATED: December 3, 2007

By: *s/ Olivia M. Kim*

Edward G. Poplawski
Denise L. McKenzie
Olivia M. Kim
SIDLEY AUSTIN LLP

---

[16] *Declaration of Denise M. De Mory in Support of Defendant AuthenTec's Motion to Dismiss Due to Lack of Subject Matter Jurisdiction*. (Dkt. No. 60.)

555 West Fifth Street, Suite 4000
Los Angeles, California 90013-1010
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Plaintiffs,
Atmel Corporation;
Atmel Switzerland;
Atmel France; and
Atmel SARL