IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>AUTHENTEC INC,<br><br>   Defendant._____ / | No. C-06-02138 CW (EDL)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY THE DESIGNATION OF ALLEGEDLY HIGHLY CONFIDENTIAL DOCUMENTS** |

On November 21, 2007, Defendant filed a Motion to Modify the Designation of Allegedly Highly-Confidential Documents. In the Motion to Modify, Defendant argued that Plaintiff over-designated fifty-five documents as highly confidential - attorneys' eyes only, and that the over-designation means that Defendant's in-house lawyer will be unable to review a large number of documents before the December 18, 2007 mediation. The Court granted Defendant's Motion to Shorten Time to hear that motion, and set the hearing for December 11, 2007.

In the meantime, the Court issued an Order on December 3, 2007 requiring senior counsel to meet and confer in person regarding pending and future discovery disputes, including this Motion to Modify. Because the meet and confer was scheduled for December 11, 2007, the Court vacated the hearing set for that day and spoke with counsel by telephone to determine whether any disputes remained with respect to the Motion to Modify. Counsel informed the Court that they could report more completely on the status of the dispute in a letter on December 12, 2007. Counsel filed a joint letter on December 12, 2007 listing the nine documents that remained at issue. The Court has reviewed the parties' briefing and the disputed documents and issues the following Order.

Exhibit A8 to the Olivia Kim declaration (docket number 234) is identified as an "Internal document concerning fingerprint sensor project plan." The document is in French and a translation

1  was not provided. The Court can discern, however, that the document is dated in December 1995.
2  Defendant argues that the information in this document is stale, and the Court agrees. Plaintiff has
3  made no showing that the information contained in this document from 1995 is highly confidential.
4  Accordingly, Defendant's Motion to Modify the Highly Confidential Designation of Exhibit A8 is
5  granted; exhibit A8 shall be designated as confidential.

6  Exhibits E1, E2 and E4 to the Kim declaration are financial documents, including 2004 and
7  2005 profit and loss statements and Plaintiff's sales information from 2001 to 2005. Defendant
8  argues that this information is stale and therefore not highly confidential. Nevertheless, according to
9  the parties' December 12, 2007 letter, Defendant proposed that all pages would remain highly
10 confidential except for the aggregate annual sales figure taken or calculated from the documents.
11 The Court adopts this proposal. Accordingly, Defendant's Motion to Modify the Highly
12 Confidential Designation of Exhibits E1, E2 and E4 are granted in part; except for the aggregate
13 annual sales figures taken or calculated from the documents, which shall be re-designated as
14 confidential, these documents shall remain highly confidential.

15 Exhibits 3, 4, 7 and 11 to the Denise DeMory declaration (docket number 60) are assignment
16 agreements between Plaintiff and its predecessor and related companies. Defendant argues that this
17 information is not highly confidential because it is stale, some of it dating back seven years.
18 Plaintiff has not made a sufficient showing as to why any of these documents would be highly
19 confidential. Further, according to the parties' December 12, 2007 letter, Defendant proposed that
20 the text of the agreements and the list of patents from these documents be re-designated as
21 confidential and that the remaining information remain highly confidential. Defendant's Motion to
22 Modify the Highly Confidential Designation of Exhibits 3, 4, 7 and 11 is granted in part; the text of
23 the agreements and the list of patents shall be re-designated as confidential. As to the remainder of
24 the documents, which currently retain the highly confidential designation, the parties shall file a
25 joint letter no later than December 17, 2007 at 11:00 a.m. stating precisely (including by Bates
26 number) what material actually remains disputed, and why Plaintiff believes it is highly confidential.
27 The parties should be mindful that any information that is more than five years old is likely too stale
28 to retain this designation.

2

1     Exhibits F1 and F2 to the Kim declaration are stock purchase agreements.  Defendant argues
2 that these documents, dated February 2000 and July 2006  respectively, are stale and therefore not
3 highly confidential.  Because Exhibit F1 is almost eight years old, the information contained in it is
4 stale and it shall be re-designated as confidential.  Exhibit F2 shall remain highly confidential.
5 Accordingly, Defendant's Motion to Modify the Highly Confidential Designation of Exhibits F1 and
6 F2 is granted in part.

7 **IT IS SO ORDERED.**

8 Dated: December 14, 2007

*Elijah D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge