United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, | No. C-06-02138 CW (EDL) |
| Plaintiff, | **ORDER DENYING MOTION FOR STAY** |
| v. | |
| AUTHENTEC INC, | |
| Defendant. | |

On November 21, 2007, Defendant filed a Motion to Modify the Designation of Allegedly Highly-Confidential Documents, arguing that Plaintiff's over-designation of documents as highly confidential - attorneys' eyes only prevented Defendant's in-house lawyer from reviewing them before the December 18, 2007 mediation. In view of the urgency of the upcoming mediation, as the Court explained to the parties, the Court granted Defendant's Motion to Shorten Time to hear Defendant's Motion to Modify, setting a December 11, 2007 hearing date. Plaintiff never raised the issue that it might seek a stay if the Court ordered de-designation. Because the parties have been proliferating discovery disputes and heavily litigating them without seeming to put genuine effort into trying to resolve their disputes through reasonable compromise, the Court ordered senior counsel to personally meet to try to narrow the issues. In view of counsel's meet and confer session subsequently scheduled for December 11, 2007, the Court vacated the hearing on the Motion to Modify, explaining that it would resolve very promptly any remaining disputes. Plaintiff still did not raise the issue of the potential need for a stay. On December 12, 2007, the parties filed a letter listing ten documents for which the highly confidential designation was still in dispute, expecting to be able to resolve the remaining disputed documents by themselves with a little more time. On December 14, 2007, in the early afternoon, the Court issued an Order Granting in Part Defendant's

Motion to Modify. Only after the Order issued did Plaintiff first raise the issue of a stay with the Court's courtroom deputy and only after business hours on December 14, 2007 did Plaintiff actually file a motion to stay the Court's December 14, 2007 Order. On December 17, 2007, Defendant filed an opposition to Plaintiff's motion to stay.

The Court agreed to hear Defendant's Motion to Modify on shortened time and ruled promptly when presented with the disputed documents because the mediation in this case is scheduled for December 18, 2007 and Defendant stated that it needed to show these disputed documents to its in-house counsel in advance of the mediation. The Court told Plaintiff that it takes seriously requests to show client decision-makers relevant documents. In the Court's experience, sharing relevant information with decision-makers facilitates effective mediation. Granting a stay until Plaintiff's objections (which have not yet been filed) could be heard and decided by Judge Wilken would effectively nullify the effort this Court and the parties went to in order to resolve this dispute in a timely manner prior to the scheduled mediation. Defendant's Motion to Modify and accompanying Motion to Shorten Time have been on the docket since November 21, 2007, and the Court held a telephonic hearing on December 11, 2007 in which it specifically stated its intent to rule promptly on these issues to facilitate the upcoming mediation. Plaintiff could have foreseen that it would want to seek a stay or object to any ruling to de-designate or propose rescheduling the mediation. Yet at no time did Plaintiff indicate that it would seek a stay of any order, even though Plaintiff was well aware that time was of the essence. Moreover, Plaintiff has provided no legal authority to support its motion for stay. Accordingly, Plaintiff's motion for stay is denied.[1]

**IT IS SO ORDERED.**

Dated: December 17, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Today, the parties notified the Court that, contrary to their previous expectations, they had not been able to agree on an additional set of documents. The Court's initial review of these has shown that the heightened confidentiality claimed for many of these borders on the frivolous.

2