IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ATMEL CORPORATION,

        Plaintiff,

  v.

AUTHENTEC INC,

        Defendant.

No. C-06-02138 CW (EDL)

**FURTHER ORDER RE: MOTION TO MODIFY THE DESIGNATION OF ALLEGEDLY HIGHLY CONFIDENTIAL DOCUMENTS**

On November 21, 2007, Defendant filed a Motion to Modify the Designation of Allegedly Highly-Confidential Documents, arguing that Plaintiff's over-designation of documents as highly confidential - attorneys' eyes only prevented Defendant's in-house lawyer from reviewing them before the December 18, 2007 mediation. The Court shortened time on the Motion to Modify and set it for hearing on December 11, 2007. The Court vacated the hearing on the Motion to Modify in light of the parties' meet and confer session scheduled for the same day. On December 12, 2007, the parties filed a joint letter listing ten documents from the Motion to Modify that were in dispute. On December 14, 2007, the Court issued an Order with respect to those documents. On December 14, 2007, shortly after the Court issued its Order, the parties filed another joint letter listing eighteen additional documents from the Motion to Modify that remained in dispute. The parties had reported to the Court on December 11, 2007 that they hoped to be able to resolve disputes about these eighteen documents, but now state that they have reached an impasse on the eve of the long-planned mediation.

The Court has carefully reviewed the remaining disputed documents contained in the December 14, 2007 letter and rules as follows:

Exhibit A1 to the Olivia Kim declaration is a 1995 e-mail that related to the patent-in-suit.

Exhibit A2 to the Kim declaration related to a 1995 search for fingerprint sensors for research and development. Exhibits A7 and A9 to the Kim declaration concern research and development in 1996. In this industry of changing technology, these documents dated more than ten years ago are too stale to be highly confidential. Accordingly, Defendant's Motion to Modify the Highly Confidential Designation of Exhibits A1, A2, A7 and A9 is granted; these exhibits shall be designated as confidential.

Exhibits B1, B2, B3 and B4 to the Kim declaration are more recent documents, but do not contain Plaintiff's trade secrets or highly confidential information. To the contrary, the documents concern Plaintiff's analysis of Defendant's and other competitors' products. Similarly, exhibits B6, B7, B8 and B9 reflect analysis of Defendant's products and not highly confidential, except that to err on the side of caution, Plaintiff may redact from exhibit B6 as possibly highly confidential the information starting from "Conso Fingertip" until "the numbers are given to the [illegible], needs to be verified." Accordingly, Defendant's Motion to Modify the Highly Confidential Designation of Exhibits B1, B2, B3, B4, B6, B7, B8 and B9 is granted; these exhibits shall be designated as confidential, except the portion of B6 as described above.

Exhibit C3 to the Kim declaration is a 2006 marketing presentation to customers. The Court is doubtful whether any, much less all, of this document should remain highly confidential, and expects that if the case goes to trial, documents like these will become public, but lacks sufficient information to rule. Accordingly, the Court defers decision on this pending further briefing if the parties wish to pursue its designation.

Exhibit D1 to the Kim declaration is a summary comparison of the parties' and another competitor's products. The Court is doubtful that this summary comparison is highly confidential, and the parties have not provided sufficient information from which the Court can make that determination. Accordingly, the Court defers decision on this pending further briefing if the parties wish to pursue its designation.

Exhibit D2 to the Kim declaration primarily discusses patents as related to competitor's products. This information does not constitute trade secret or other highly confidential information. To the contrary, the documents contain analysis of others' products based on publicly available

information such as a competitor's website. Accordingly, Defendant's Motion to Modify the Highly Confidential Designation of Exhibit D2 is granted; this exhibit shall be designated as confidential.

With respect to exhibits C1 and C2 to the Kim declaration, Defendant concedes that pages AML026386, 389, 395 and 396 in exhibit C1 and pages AML32292, 302, 303, 309, 311, 312, 313 in exhibit C2 should remain highly confidential. The Court agrees. The Court also agrees that at least some of the other pages should not be designated as highly confidential (e.g., AML026376, which is an introductory slide). The parties, however, have not given the Court sufficient information to reach a decision on many of the remaining pages. Accordingly, the Court defers decision on these pending further briefing if the parties wish to pursue their designation.

Exhibits A and B to the Ethan Andelman declaration are at least partially in French and there is no translation provided. Also, the parties have not given the Court sufficient other information to reach a decision these exhibits. Accordingly, the Court defers decision on these pending further briefing if the parties wish to pursue their designation.

The Court is mindful that Plaintiff sought a stay of the Court's December 14, 2007 Order granting in part Defendant's Motion to Modify. Earlier today, the Court issued an Order denying the motion to stay. As to the propriety of a stay of this Order, the Court does not see any difference between the set of documents that was the subject of the December 14, 2007 Order and the documents herein.

**IT IS SO ORDERED.**

Dated: December 17, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

3