United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, a Delaware corporation; ATMEL SWITZERLAND, a corporation; ATMEL FRANCE, a corporation; ATMEL SARL, a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AUTHENTEC, INC., a Delaware corporation,<br><br>Defendant. | No. C 06-2138 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND THE CASE MANAGEMENT ORDER AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |

Plaintiffs have filed a motion for leave to file a second amended complaint (SAC). Because the deadline for amendment has passed, Plaintiffs have also filed a motion to amend the case management order. Defendant opposes the motions. The motions were submitted on the papers. Having considered all of the parties' papers, the Court grants the motion for leave to amend the case management order in part and denies it in part and denies the motion for leave to file a SAC.

BACKGROUND

Plaintiffs filed this action on March 22, 2006. At the initial case management conference, the Court set November 1, 2006

as the deadline to add parties or claims. Docket No. 21. The fact discovery cut off was initially set for June 19, 2007. The fact discovery deadline was extended once by stipulation to September 21, 2007 and again by Plaintiffs' motion to December 21, 2007. Plaintiffs filed the instant motions on December 6, 2007. Although Plaintiffs assert that they will need additional discovery to support their proposed claims, they do not move for relief from the December 21, 2007 discovery deadline.

## LEGAL STANDARDS

### I. Rule 16

Under Federal Rule of Civil Procedure 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. Pro. 16(b). Where a schedule has been filed, the plaintiff's ability "to amend his complaint [is] governed by Rule 16(b), not Rule 15(a)." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). A party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b), and second, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. Id.

In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. Johnson, 975 F.2d at 609; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation."

2

Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party moving for an amendment to a scheduling order must therefore show it was diligent in assisting the Court to create a workable schedule at the outset of litigation, that the scheduling order imposes deadlines that have become unworkable notwithstanding its diligent efforts to comply with the schedule, and that it was diligent in seeking the amendment once it became apparent that extensions were necessary. See id. at 608.

II. Rule 15

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Further, the "liberality in

3

granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. See, e.g., Acri, 781 F.2d at 1398-99; Guthrie v. J.C. Penney Co., 803 F.2d 202, 210 (5th Cir. 1986). The party opposing the motion bears the burden of showing prejudice. DCD Programs, 833 F.2d at 186; Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

DISCUSSION

Plaintiffs seek leave to amend their complaint in two general areas. First, Plaintiffs seek leave to include allegations about five additional sensors that were not mentioned in their first amended complaint (FAC). Plaintiffs also seek leave to allege infringement under 35 U.S.C. § 271(f) based on Defendants' distribution of software created in the United States to foreign manufacturers. Plaintiffs allege that they only recently discovered the existence of the other sensors and Defendant's distribution of essential software components from the United

4

States to foreign manufacturers.[1]

I. Additional Sensors

Plaintiffs argue that they were unaware of five additional infringing sensors, EntrePad Sensors AES 2500, 2550, 2810, 1710 and 1711, until they were disclosed during depositions of Defendant's employees and Rule 30(b)(6) witnesses.[2] Defendant counters that the proposed amendment is not necessary because Plaintiffs are not required to name every infringing product in their complaint under the notice pleading requirements of Federal Rule of Civil Procedure 8. Defendant notes that the FAC alleges that "AuthenTec has been and still is offering for sale, selling, marketing, using and importing biometric sensors, including the following." FAC ¶ 12. Defendant argues that "this allegation is more than sufficient to cover all biometric sensors sold by AuthenTec" and contends that it "has provided all necessary discovery on these products, despite their omission from the complaint and the initial infringement contentions." Opposition at 5. In other words, Defendant concedes that Plaintiffs need not amend their complaint to pursue claims based on the additional sensors.

However, Defendant argues that such an amendment would not be sufficient to allow Plaintiffs to pursue claims based on these

---

[1] Plaintiffs also seek to amend their complaint to state correctly the principal place of business of Plaintiff Atmel SARL. This amendment is not necessary.

[2] Plaintiffs also seek to add allegations about two pieces of Defendant's software, AuthenTec Performance Analysis Tool (PAT) and AuthenTec Software Development Kit (SDK). However, it appears that these two pieces of software are relevant only to Plaintiffs' proposed § 271(f) claim discussed below.

5

products pursuant to Patent Local Rule 3-1(b), which requires Plaintiffs to include in their Disclosure of Asserted Claims and Preliminary Infringement Contentions, "each accused apparatus, product, device, process, method, act, or other instrumentality." Defendant states that, if Plaintiffs had "appropriately requested to serve infringement contentions on these products, [it] would have stipulated to permit Atmel to serve supplemental contentions" on the 2500, 1710 and 2810 sensors." Opposition at 5.

In the interest of judicial economy, the Court will consider whether Plaintiffs have met the requirements of Patent Local Rule 3-7, which, like Federal Rule of Civil Procedure 16, requires a "showing of good cause" in order to allow amendment of infringement contentions. Patent L.R. 3-7. Because Defendant states that it would stipulate to supplemental contentions regarding the 2500, 1710 and 2810 sensors, the Court grants Plaintiffs leave to serve such contentions.

Defendant's only argument against amendment to allow claims regarding the remaining products, the 1711 and 2550 sensors, is that they are still in development and not being sold. Therefore, Defendant argues that the products do not give rise to liability under the patent laws. Plaintiffs assert that they seek to pursue claims based on the 1711 and 2550 sensors because they learned during the November 28, 2007 deposition of Defendant's employee Art Stewart that Defendant is selling the two sensors. Plaintiffs' counsel first asked Stewart, "has AuthenTec sold any AES 1711 products?" McKenzie Decl., Ex. 8 at 148. Stewart responded, "It's very early in the product life. So, we might still be shipping

6

pre-production samples for that part. So, I would say sold, maybe not yet." Id. Although this statement does not unambiguously establish that AuthenTec has sold the 1711 sensor, 35 U.S.C. § 271(a) provides that making, using and offering to sell infringing products can give rise to liability. The creation of pre-production samples is enough, at this stage, to support a claim under § 271(a). Plaintiffs also asked Stewart if AuthenTec had begun providing the 2550 sensor to its customers. Stewart responded, "I believe we are now selling that to Fujitsu PC." Id. at 149. Defendant states only that Stewart "was incorrect" but provides no declaration or evidence in support of its contention that "the 2550 is still in development." Opposition at 6 n.3.

Plaintiffs have demonstrated that they recently discovered that Defendants are making and selling the 1711 and 2550 sensors. In doing so, Plaintiffs have demonstrated good cause for allowing them to amend their infringement contentions as required by Patent Local Rule 3-7.

Plaintiffs assert that they will need additional discovery in order to supplement their infringement contentions, but have not formally requested modification of the case management order's December 21, 2007 discovery deadline. Defendant argues that it has already produced all relevant documents related to these products. However, Plaintiffs state that they need "data sheets" for the 2810 and 1710 sensors. In the interest of judicial economy, the Court orders Defendant to produce any such documents within one week of the date of this order or to file a certification that it has already produced such documents or that they do not exist.

If Plaintiffs intend to seek other additional discovery, they shall, within two weeks of the date of this order, file a Rule 16 motion seeking an extension of the discovery deadline, describing with specificity the information they intend to seek and why they were not able to obtain that information prior to the discovery cut off. If Plaintiffs do not intend to seek additional discovery, they shall serve any supplemental infringement contentions within that time.

II. Section 271(f) Claim

Plaintiffs next seek to amend their complaint to include a § 271(f) claim. Title 35 U.S.C. § 271(f)(1), creates liability for

> (1) Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.
> (2) Whoever without authority supplies or causes to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

Plaintiffs argue that they recently learned that Defendant supplies essential software to foreign customers. Plaintiffs further argue that those customers use the software in combination with foreign-produced semiconductors in a manner that infringes the patents in suit.

8

Defendant counters that Plaintiffs cannot demonstrate good cause under Rule 16 to permit this late amendment. Further, Defendant argues that, even if Plaintiffs are permitted to modify the case management schedule, the proposed amendment is futile and should not be allowed under Rule 15.

Because the Court finds that Plaintiffs' claims are foreclosed by Microsoft Corp. v. AT&T Corp., 127 S. Ct. 1746 (2007), and are therefore futile, it does not address the sufficiency of Plaintiffs' showing under Rule 16. In Microsoft, the Supreme Court held that software "abstracted from a tangible copy" is simply information that does not constitute a component supplied from the United States for purposes of § 271(f). Id. at 1755. The Supreme Court found, "The master disk or electronic transmission Microsoft sends from the United States is never installed on any of the foreign-made computers in question." Id. at 1751. Rather, the foreign manufacturers made copies of the software, which were ultimately installed. Id. Therefore, the Supreme Court held, "Because Microsoft does not export from the United States the copies actually installed, it does not 'supply from the United States' 'components' of the relevant computers, and therefore is not liable under § 271(f) as currently written." Id. In other words, "the very components supplied from the United States, and not copies thereof, trigger § 271(f) liability when combined abroad to form the patented invention at issue." Id. at 1757.

According to Plaintiffs, Defendant supplies its software electronically to customers overseas. Therefore, Plaintiffs attempt to distinguish Microsoft by arguing that the "master copy

9

of the software remains in the United States."  Motion at 11.
However, <u>Microsoft</u> also addressed "the electronic transmission" of
the software at issue there and held that such transmissions are
not themselves installed on the computers.  Rather, the
transmissions are copied onto the receiving computer and then
copied for installation on the products in question.

    Therefore, the Court finds that Plaintiffs' proposed § 271(f)
claim is futile.

## CONCLUSION

    For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motions to modify the case management order and DENIES Plaintiffs' motion for leave to file a SAC.  Unless Plaintiffs intend to seek leave to conduct additional discovery, they shall file amended infringement contentions within two weeks of the date of this order.

    IT IS SO ORDERED.

Dated:  1/31/08

                                        CLAUDIA WILKEN
                                        United States District Judge

10