IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>AUTHENTEC INC,<br><br>Defendant. | No. C-06-02138 CW (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO COMPLETE DEPOSITIONS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO COMPEL AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR LEAVE TO TAKE DEPOSITIONS OF THIRD PARTY CUSTOMERS, NON-PARTY LEXAR MEDIA'S MOTION TO QUASH, DEFENDANT'S MOTION TO COMPEL COMPLETION OF DISCOVERY, PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF JEFF LEE; PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEFENDANT'S MOTION TO COMPEL DEPOSITIONS** |

On January 30, 2008, the Court held a hearing on Plaintiff's Motion for Additional Time to Complete Depositions (docket number 264) and Defendant's Renewed Motion to Compel (docket number 273). For the reasons stated at the hearing, the Court issues the following Order.

**Plaintiff's Motion for Additional Time**

Plaintiff's Motion for Additional Time to Complete Depositions seeks a total of twenty-nine more hours with six deponents who have all previously been deposed on the grounds that Defendant produced relevant documents after the initial depositions of these witnesses. Specifically, Plaintiff

seeks to depose Scott Moody, Defendant's co-founder, chairman and CEO, for seven additional hours, Dave Setlak, Defendant's co-founder and Chief Technical Officer, for six additional hours, Art Stewart, Defendant's Vice President of Worldwide Sales, for five additional hours, Peter Sherlock, Defendant's Vice President of Product Development, for four additional hours, Larry Ciaccia, Defendant's President, for four additional hours, and Michael Boshra, a technical staff member, for three additional hours. As part of the meet and confer process, Plaintiff proposed a cap of twenty hours for Plaintiff's additional depositions and seven hours for additional depositions that Defendant sought to take, to be allocated among deponents as each party saw fit. Defendant proposed fourteen hours each. For the reasons stated in the papers and by the Court at the hearing, Plaintiff shall have twenty hours of additional deposition time to be allocated as it sees fit among the six deponents at issue in this motion. Defendant shall have nine hours of additional deposition time to be allocated as it sees fit for additional depositions of Mr. Mainguet and Mr. Charrat. Counsel should keep in mind that the primary function of these depositions is to question the witnesses about recently produced documents.

**Defendant's Renewed Motion to Compel**

**Licensing agreements**

Defendant seeks to compel production of all semiconductor patent licenses, and in particular, the 1998 Harris Corp. agreement, the 2000 ST Microelectronics agreement, and the 2003 Patent License Agreement referenced in Plaintiff's Form 10Q filing with the SEC. Plaintiff resists discovery of these agreements on the grounds that they are actually settlement agreements containing licenses and that they are not relevant because they do not concern the patents-in-suit. See Opp. at 2-3.

The definition of relevance for purposes of discovery is quite broad. Here, these agreements at a minimum have some relevance to damages even if they do not involve the precise patents-in-suit, and so must be produced. See Andelman Decl. Ex. A at 3 (article regarding the 1998 Harris agreement stating that there is a cross-license agreement "effectively ending all patent disputes and possible litigation between the two companies"); Andelman Decl. Ex. A at 2 (article regarding the 2000 agreement with ST Electronics stating that the companies "settled" their disputes and entered

into a broad cross-license agreement); Andelman Decl. Ex. F at 13 (2003 SEC filing stating that Plaintiff entered into a patent license agreement which "cross-licensed significant patent portfolios of each company."). Plaintiff is improperly focused on whether these agreements are admissible rather than discoverable.

Accordingly, Plaintiff shall produce all licensing agreements, including but not limited to the three raised by Defendant. After production, Plaintiff shall provide declarations from the person(s) most knowledgeable affiliated with Plaintiff's company, not outside counsel, for each Plaintiff entity detailing the search done for these documents.

**Search of Steve Laub's e-mail and notes**

Defendant has made a showing that there is a serious question whether Plaintiff has properly searched the e-mail account and files of Plaintiff's CEO Steve Laub for responsive documents. Plaintiff's Rule 30(b)(6) deponent testified that he did not know whether the files of Mr. Laub have been searched in response to any discovery requests in this litigation. See Supp. Andelman Decl. Ex. H at 166:12-18. Further, the deponent testified that he did not know whether the e-mail accounts of the nine people who work in the hardware and software fingerchip products were searched. See id. at 103:17-104:1.

Defendant is particularly concerned with commentary from or to Mr. Laub regarding several presentations regarding the technology at issue. Plaintiff points out that it produced those presentations. Production of the presentations, however, without searching for any commentary or notes about them, is insufficient. Failure to search the Chief Executive Officer's e-mail for responsive documents is not consistent with Plaintiff's discovery obligations. Accordingly, Plaintiff shall search for commentary to and/or from Mr. Laub regarding Authentec and/or the presentations in Mr. Laub's work e-mail account, his notes and his personal computer for the time period from when Mr. Laub became employed with Plaintiff (which Plaintiff represented was after this lawsuit was filed) to the present. In addition, Plaintiff shall search for the same documents, if it has not done so already, in the e-mail accounts of the nine employees who work in the hardware and software fingerchip products referenced by Mr. Charrat in his deposition from the time the lawsuit was filed to the present. See Supp. Andelman Decl. Ex. H at 103:17-104:1. Production shall be

complete no later than February 15, 2008. In addition, Plaintiff shall provide declaration(s) from the person(s) most knowledgeable affiliated with Plaintiff's company, not outside counsel, detailing the search done for these documents.

**Dautriche/Vellou documents**

Defendant argues that Plaintiff has not produced relevant documents, specifically an abandoned patent application, regarding work done relating to the conception and reduction to practice of the '114 patent by Vellou and Dautriche. Plaintiff argues that any such documents would be irrelevant because the work is unrelated to the patents-in-suit. Plaintiff further states it has conducted a diligent search, including contacting the law firm of Marks & Clark, but that no responsive documents exist. Accordingly, Plaintiff shall serve a declaration or declarations from the person(s) most knowledgeable detailing the investigation conducted to find responsive documents.

**Written discovery**

Defendant argues that Plaintiff has failed to comply with the Court's prior Order to supplement its responses to interrogatories because the responses are qualified as based on investigation to date. See, e.g., DeMory Decl. Ex. 17 at 5:24. In particular, Defendant seeks further responses to interrogatory number 7 and the related requests for admission numbers 2, 3, 5, 6, 26, 28, 41, 42, 45, 46, 55 and 56. Plaintiff argues that the requests for admissions posed by Defendant called for legal conclusions. The Court is not convinced that this objection is well-taken, but resolves the issue, as stated at the hearing, by ordering Plaintiff to answer the following two factual requests for admission in lieu of the twelve requests listed above: (1) Admit that there were other licensees other than Plaintiff to the patents-in-suit as of the time the complaint was filed; and (2) Admit that Thales has a license to the patents-in-suit with the right to sub-license. If Plaintiff admits that there are other licensees, it shall identify them. Plaintiff shall respond to this discovery no later than February 15, 2008 and do so without any improper qualifications, such as "based upon currently available information."

With respect to interrogatories 8 and 9, Plaintiff contends that there are no responsive documents with respect to Innometriks, even though it recently entered into a covenant not to sue agreement with Innometriks. At the hearing, Plaintiff's attorney acknowledged not doing any

4

investigation to determine how negotiations and discussions about the covenant not to sue agreement were carried out with Innometriks without leaving any paper (or electronic) trail of responsive documents.[1] Plaintiff shall provide a declaration from the person(s) most knowledgeable affiliated with Plaintiff's company, not outside counsel, satisfactorily explaining how this occurred, if it did, or produce the documents.

**In camera review of AML034349**

Plaintiff shall provide this document to the Court for an in camera review no later than January 31, 2008.

**Motions set for hearing on February 5, 2008 and February 12, 2008**

On December 18, 2007, Lexar Media filed a Motion to Quash, which was set for hearing on January 30, 2008 and continued to February 5, 2008. On December 21, 2007, Plaintiff filed a Motion for Leave to Take Depositions of Third Party Customers, which was set for hearing before Judge Wilken, who referred the motion to this Court, where it was set for hearing on February 5, 2008. On January 3, 2008, Plaintiff filed a Motion to Compel Deposition of Jeff Lee and Defendant filed a Motion to Compel Discovery, both set for hearing on February 12, 2008. On January 4, 2008, Plaintiff filed a Motion to Compel and Defendant filed a Motion to Compel Depositions, both set for hearing on February 12, 2008.

The parties acknowledged at the January 30, 2008 hearing that, despite the Court's December 3, 2007 Order to the contrary, lead counsel had not met and conferred in person prior to the filing of the motions. Accordingly, all of these motions are denied without prejudice. As stated in the December 3, 2007 Order, lead counsel shall meet and confer in person regarding any pending discovery disputes and before filing any future discovery motion. Henceforth, the parties must seek leave from this Court to file a discovery motion by filing and faxing a joint letter, no longer than two

---

[1] Cf. Qualcomm Inc. v. Broadcom Corp., 2008 U.S. Dist. LEXIS 911 (S.D. Cal. Jan. 7, 2008) (finding discovery misconduct and sanctioning counsel who failed to conduct a reasonable inquiry into the adequacy of their client's document search and production: "Thus, the Court finds it likely that some variation of option four occurred; that is, one or more of the retained lawyers chose not to look in the correct locations for the correct documents, to accept the unsubstantiated assurances of an important client that its search was sufficient, to ignore the warning signs that the document search and production were inadequate, not to press Qualcomm employees for the truth, and/or to encourage employees to provide the information (or lack of information) that Qualcomm needed to assert its non-participation argument and to succeed in this lawsuit.").

pages, setting forth the disputes. The Court's fax number is 415-522-2002. The letter shall set out the dispute point by point, with each party's position following the description of each point. The Court will decide whether to set a briefing schedule and hearing, and will instruct the parties as to the format of the briefs.

**IT IS SO ORDERED.**

Dated: January 31, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge