IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATMEL CORPORATION, et al., | No. C-06-02138 CW (EDL) |
| Plaintiffs, | **ORDER RE: PARTIES' LETTERS DATED MARCH 5, 2008 AND MARCH 6, 2008 AND SETTING NEW BRIEFING SCHEDULE FOR DEFENDANT'S MOTION FOR SANCTIONS** |
| v. | |
| AUTHENTEC INC, | |
| Defendant. | |

On February 21, 2008, the Court issued an Order addressing the parties' dispute regarding the adequacy of Plaintiffs' response to two court-ordered Requests for Admission. In that Order, the Court required lead counsel to meet and confer by telephone regarding the dispute, and gave Defendant leave to file a motion for sanctions on shortened time if any dispute remained after the meet and confer. According to the parties' March 5, 2008 and March 6, 2008 letters, lead counsel met and conferred pursuant to the Court's Order, but there is some dispute about the subjects discussed at that conference. The Court, however, is not willing to resolve collateral disputes about the subjects discussed during the parties' meet and confer sessions, which are unfortunately typical of this heated litigation. Although Plaintiffs supplemented their responses to the Requests for Admission as discussed during the parties' February 27, 2008 meet and confer session, Defendant contend that those responses are inadequate and filed a motion for terminating sanctions on March 4, 2008 as permitted by the Court's Order.

Plaintiffs argue that because Defendant's motion for sanctions alleges extensive discovery misconduct, they require more than the originally ordered three days to oppose. The Court agrees

that based on the scope of the motion for sanctions and the severity of the relief sought,[1] the briefing schedule should be extended to give Plaintiff adequate time to respond to the wide-ranging issues. Moreover, Plaintiffs' supplemental responses to the Requests for Admission alleviated at least some of the urgency which was the basis for the shortened briefing schedule. Accordingly, the Court continues the hearing on Defendant's motion to April 15, 2008. Plaintiffs shall file their opposition no later than March 25, 2008, and Defendant's reply shall be filed no later than April 1, 2008. Because the meet and confer process with respect to these issues does not appear to have been particularly productive, the Court relieves the parties from any further meet and confer requirement for this motion only, although it urges the parties to informally discuss resolution of the issues without court intervention. The parties are reminded that lead counsel are required to meet and confer in person with respect to any future discovery disputes.

**IT IS SO ORDERED.**

Dated: March 6, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Plaintiffs state in their March 5, 2008 letter that "the type of relief Defendant has requested (i.e., case terminating sanctions) is not the type of relief that falls within the ambit of the Court's jurisdiction." If the Court were to conclude that terminating sanctions are warranted, it would do so in the form of a Report and Recommendation to Judge Wilken.

2